AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No.: **8:16MJ1277 TBM** |
| ZHENYA BULGAKOV | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 29, 2016__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii) | Possession with intent to distribute 50 grams or more of methamphetamine. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Tina L. Repp, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __May 2, 2016__

_____
Judge's signature

City and state: __Tampa, Florida__   THOMAS B. McCOUN, III, U. S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

1. I, Tina L. Repp, am a Special Agent with the Federal Bureau of Investigation ("FBI"), assigned to the Tampa Division. I have been employed as a Special Agent with the FBI for over sixteen years. In connection with my official duties, I investigate criminal violations of federal laws, including but not limited to, 18 U.S.C. §§ 1956 and 1957 (money laundering offenses), 18 U.S.C. § 2113 (bank robbery violation), 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1344 (bank fraud), 18 U.S.C. § 1591 (sex trafficking of children or by force, fraud, or coercion), 18 U.S.C. § 1365(a) (tampering with consumer products), 21 U.S.C. § 841(a) (possession of a controlled substance with intent to distribute), and 21 U.S.C. §§ 843(a)(3) and 853 (possession of a controlled substance by fraud). In addition, I have debriefed and participated in the debriefings of defendants, informants, and witnesses. I have conducted surveillance, participated in undercover operations and analyzed information obtained in federal wiretap investigations.

2. The facts in this affidavit come from my personal observations, my training and experience, information obtained from other agents and witnesses, and the review of evidence collected during the course of this investigation. This affidavit is intended to establish that there is probable cause to charge ZHENYA BULGAKOV ("BULGAKOV") with possessing with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a), (b)(1)(B)(viii), and does not set forth all of my knowledge about this matter.

## FACTS AND CIRCUMSTANCES

3. On April 29, 2016, at approximately 12:31 a.m. BULGAKOV and a passenger were driving in BULGAKOV'S Chevrolet Tahoe in the area of Clearwater Beach, FL. A law enforcement officer with the Clearwater Police Department conducted a traffic stop of BULGAKOV'S vehicle when he noticed the passenger was not wearing his seat belt.

4. During the traffic stop, the law enforcement officer obtained consent from BULGAKOV to search the vehicle.

5. During a cursory search of BULGAKOV'S Tahoe, law enforcement located a small amount of marijuana, approximately seven grams of methamphetamine, different types of pills, a glass pipe, and a white plastic straw. Further searching of the vehicle revealed a locked hidden safe mounted behind one of the seats. A law enforcement officer advised BULGAKOV of what was found and BULGAKOV told the officer the aforementioned items belong to him, and his passenger had no knowledge of it. Law enforcement field tested the marijuana and methamphetamine and they both came back positive.

6. When asked about the hidden safe, BULGAKOV advised the safe contained his savings of approximately $100,000.

7. A law enforcement officer read BULGAKOV his *Miranda* rights. The officer asked BULGAKOV if he would like to speak with him. BULGAKOV replied, "Yes you can ask me questions."

8. Post-*Miranda*, BULGAKOV stated the methamphetamine, pipe, pills and marijuana were his and for his personal use. BULGAKOV stated the pills were Xanax and Vicodin. The law enforcement officer asked BULGAKOV how to open the safe. BULGAKOV did not immediately answer. When asked again, BULGAKOV replied that the officer would find more meth inside the safe, along with money. BULGAKOV advised the safe contained a little less than one (1) pound of methamphetamine. BULGAKOV advised the law enforcement officer that the methamphetamine was purchased locally for approximately $3,000 and was for his personal use. BULGAKOV then advised the officer of the sequence the buttons needed to be pressed in order to gain access to the safe.

9. A law enforcement officer opened the safe ans located approximately $113,149 in U.S. Currency, approximately 360 grams of methamphetamine, and a digital scale. The officer field tested the methamphetamine and it was positive.

10. BULGAKOV was transported to Clearwater Police Department where he was again read his rights, as per Miranda, further interviewed by detectives and FBI Special Agents.

11. Upon further questioning at Clearwater Police Station, BULGAKOV again admitted to detectives and FBI Special Agents that the methamphetamine and cash located in his Chevy Tahoe belonged to him.

12. BULGAKOV advised his modus operandi was to fly to California, typically with a female companion, buy methamphetamine, and then rent a car to

drive it back to Pinellas County, Florida, where he would subsequently sell it. He advised he has made the trip at least five times, or more, each time increasing the amount of methamphetamine purchased. BUGLAKOV began making the trips to California to buy the drugs in approximately 2014. BULGAKOV admitted to having transported, and subsequently sold, approximately fourteen (14) pounds of methamphetamine.

13.     BULGAKOV most recently brought back seven (7) pounds he had purchased for approximately $26,600. BULGAKOV recalled his most recent trip was between December 2015 and February 2016, but could not recall exactly when. BULGAKOV stated his girlfriend, accompanied him on this trip, and the trip prior.

14.     BULGAKOV admitted he had an airline ticket already purchased and planned to fly to California on May 3, 2016. BULGAKOV stated that he had already lined up the purchase from his source of supply and on this trip, he planned to buy fifteen (15) pounds of methamphetamine and transport it back to Florida.

15.     Based on the foregoing, there is probable cause to believe that BULGAKOV violated 21 U.S.C. § 8141(a)(1), (b)(1)(B)(viii), by possessing with intent to distribute 50 grams or more of methamphetamine.

FURTHER AFFIANT SAYETH NAUGHT.

*[signature]*
Tina L. Repp, Special Agent
FBI

Sworn to and subscribed before me
this _2_ day of May, 2016.

*[signature]*
THOMAS B. McCOUN, III
United States Magistrate Judge